UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SUTHERBY,

        Petitioner,

v.

SHERMAN CAMPBELL,[1]

        Respondent.

Case No. 2:18-cv-13097

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION
TO DISMISS [4] AND DENYING A CERTIFICATE OF APPEALABILITY**

On October 3, 2018, Petitioner Kevin Sutherby filed a habeas corpus petition under 28 U.S.C. § 2254. ECF 1. Petitioner is challenging his Wayne County conviction for first-degree criminal sexual conduct, in violation of Mich. Comp. Laws § 750.520b(1)(a). *Id.* at 2. On May 30, 2019, Respondent filed a motion to dismiss, arguing that the petition is untimely. ECF 4. For the following reasons, the Court will grant Respondent's motion to dismiss.

**BACKGROUND**

Petitioner's conviction arose from the sexual assault of a twelve-year-old victim, J. S., in July 2008. The assault occurred after the victim passed out after drinking at Petitioner's bachelor party. *People v. Sutherby*, No. 293826, 2010 WL

---

[1] The proper respondent in a habeas case is the state officer having custody of the petitioner. *See* Rule 2, Rules Governing Section 2254 Cases. Petitioner is currently housed at the Gus Harrison Correctional Facility. The warden of that facility is Sherman Campbell. The Court amends the case caption to reflect Sherman Campbell as the respondent.

1

5383353, at *2 (Mich. Ct. App. Dec. 28, 2010). The victim awoke the next morning next to Petitioner and was naked and had blood between her legs. *Id.* The victim could not remember what had happened the night before, and when she confronted Petitioner that she might be pregnant, Petitioner "implicitly admitted that he sexually penetrated the victim by telling her that she could not be pregnant because he had undergone a vasectomy and that he would die if the victim told her family what happened." *Id.*

Petitioner was convicted by a jury in Wayne County Circuit Court and, on August 13, 2009, sentenced to twenty-five to fifty years' imprisonment. *Id.* The Michigan Court of Appeals affirmed Petitioner's convictions. *Id.* Petitioner did not seek leave to appeal to the Michigan Supreme Court. *See* ECF 5-24 (Affidavit of Larry Royster, Clerk, Michigan Supreme Court).

On October 12, 2012, Petitioner filed a motion for a new trial. ECF 5-17. On November 30, 2012, the trial court denied the motion. ECF 5-18. On May 23, 2016, Petitioner filed a motion for relief from judgment in the trial court. ECF 5-19. On September 7, 2016, the trial court denied the motion. ECF 5-20. The Michigan Court of Appeals denied leave to appeal. *See People v. Sutherby*, No. 334983 (Mich. Ct. App. Nov. 4, 2016). On October 3, 2017, the Michigan Supreme Court also denied leave to appeal. *See People v. Sutherby*, 501 Mich. 878 (Mich. 2017).

On October 3, 2018, Petitioner filed his habeas corpus petition, through counsel. ECF 1. On March 30, 2019, Respondent filed a motion to dismiss the petition on the ground that it was not timely filed. ECF 4. On July 2, 2019, the Court issued

a stipulated order extending the time for Petitioner to file a response to the motion to dismiss to July 18, 2019. ECF 6. Petitioner did not file a response by that date. Instead, on July 21, 2019, the Court issued a second stipulated order extending the time to respond to August 8, 2019. ECF 7. Petitioner again failed to file a response by the new deadline. On August 14, 2019, the Court issued a third stipulated order and established a new response date of September 10, 2019. ECF 8. Petitioner failed to meet that deadline, and the Court issued a fourth stipulated order extending the time to file a response to September 24, 2019. ECF 9. Petitioner again failed to file a response. On October 1, 2019, a week past the deadline to file, the Court received a proposed fifth stipulated order that it did not enter. Petitioner had more than sufficient time to respond to the motion to dismiss. He failed to do so and failed to provide any justification for his failure to comply with the Court-mandated deadlines. On October 8, 2019, Petitioner filed an untimely response to the motion to dismiss.[2]

## LEGAL STANDARD

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A), (D).

---

[2] Although the Court is under no obligation to consider Petitioner's response to the motion to dismiss because it was filed two weeks after the Court-imposed deadline, the Court did consider it in issuing the present order.

Equitable tolling is available to toll a statute of limitations when "'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)). In the habeas context, to be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A claim of actual innocence may also justify equitable tolling in certain circumstances. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Robertson*, 624 F.3d at 784.

## DISCUSSION

Respondent argues that the petition is time-barred by the one-year statute of limitations period under 28 U.S.C. § 2244(d)(1). Petitioner appealed his conviction to the Michigan Court of Appeals, but not to the Michigan Supreme Court. *See* ECF 5-24. A defendant has fifty-six days from the date of the Michigan Court of Appeals' decision to file a delayed application for leave to appeal to the Michigan Supreme Court. Michigan Court Rule 7.302(C)(3). The Michigan Court of Appeals affirmed Petitioner's conviction on December 28, 2010. *See Sutherby*, 2010 WL 5383353, at *2. Petitioner's conviction became final when the time for seeking review to the Michigan Supreme Court expired—February 22, 2011. *See Gonzalez v. Thaler*, 565 U.S. 134,

150 (2012). The one-year limitations period commenced the following day, on February 23, 2011, and expired one year later on February 23, 2012.

Petitioner argues that the limitations period did not commence until November 30, 2012, when the trial court denied his motion for new trial, because it was not until that point in time that he discovered the factual predicate for his ineffective assistance of counsel claim. ECF 10, PgID 1172. Petitioner's ineffective assistance of counsel claim concerns defense counsel's failure to call three witnesses—Petitioner's father and two brothers—to testify at trial. ECF 1, PgID 16. Petitioner alleges that these witnesses would have impeached the victim's credibility. ECF 10, PgID 1171.

The victim testified at trial that when she awakened naked beside Petitioner, she noticed blood stains on the sheets. ECF 1, PgID 9. She testified that she placed the sheets in the washing machine and started the machine. *Id.* Petitioner argues that counsel was ineffective in failing to call his father and brothers to testify that the washing machine was broken at that time. *Id.* at 16. The claim that the washing machine was broken was known to Petitioner *at the time of trial*. In fact, he claims repeatedly that defense counsel was ineffective because Petitioner told counsel about the broken washing machine prior to trial yet counsel failed to call his proposed witnesses. *Id.*; ECF 5-17, PgID 900; ECF 5-19, PgID 922. And the affidavit of one of his brothers was executed on August 8, 2011, more than a year *before* Petitioner filed a motion for a new trial. *See* ECF 5-17, PgID 906. The factual predicate for Petitioner's claim was clearly known before trial, and § 2244(d)(1)(D) therefore does not apply.

5

And Petitioner's motion for a new trial—filed on October 12, 2012—did not statutorily toll the limitations period because it was filed over seven months after the limitations period expired. The filing of a collateral petition after the limitations period expires does not restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (holding that the filing of a motion for collateral review in state court serves to "pause" the clock, not restart it). Absent equitable tolling, the petition is therefore time barred.

Petitioner failed to meet his burden to show that he is entitled to equitable tolling. First, Petitioner did not pursue his rights diligently. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 463 (6th Cir. 2012) ("this Court has never granted equitable tolling to a petitioner who sat on his rights for a year and a half") (citing *Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011)). Petitioner waited over seven months after the limitations period expired to file a motion for a new trial. After the motion was denied, Petitioner then waited over three years before taking further action to challenge his conviction. His state collateral review proceedings concluded on October 3, 2017, and yet he waited another year to file the present habeas petition. The many and lengthy delays evidence an absence of diligence.

Second, even if Petitioner had diligently pursued his rights, no extraordinary circumstance prevented Petitioner from timely filing a petition. Petitioner argues that he failed to timely file his habeas because his counsel was ineffective. ECF 10, PgID 1175–77. He does not, however, even attempt to explain how his prior counsel's

representation—that ended in 2016—prevented him from filing a habeas petition until 2018.

Finally, Petitioner fails to present a credible claim of actual innocence. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence—that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995). Petitioner states that he has affidavits from his father and two brothers that, had they been called to testify at trial, "their testimony would have so undermined the credibility of the complainant as to make it impossible for the jury to find him guilty beyond a reasonable doubt, and he would necessarily have been acquitted." ECF 10, PgID 1177. But the affidavits are not sufficient to meet the burden "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327. And the affidavits are not new evidence—the affiants were available to testify as to the alleged information at trial and Petitioner attached their affidavits to his motion for a new trial. ECF 4, PgID 60. Equitable tolling is therefore unwarranted. The Court will grant Respondent's motion to dismiss and dismiss the petition for habeas corpus.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Respondent's motion to dismiss [4] is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition [1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because reasonable jurists could not find the Court's procedural ruling that the petition is untimely debatable. *See* 28 U.S.C. § 2253(c)(1)(a), (2); Fed. R. App. P. 22(b).

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>STEPHEN J. MURPHY, III<br>United States District Judge

Dated: October 21, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 21, 2019, by electronic and/or ordinary mail.

s/ Kristen MacKay<br>Case Manager Generalist